PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Pontiac Grand Am GT struck a hole as claimant was driving on W.Va. Route 25 in Nitro, Kanawha County. First Avenue is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 1:00 p.m. on or about March 1,2008, or March 2,2008. W.Va. Route 25 is a paved, two-lane road, and the speed limit in this area is forty-five miles per hour. Claimant was driving at approximately forty miles per hour when her vehicle struck a hole in the road before she reached Ocean Breeze, a tanning salon located in Nitro. The hole was situated on the right toward the white edge line, but it was within the roadway surface. It was approximately sixteen inches long, twelve inches wide, and six or seven inches deep. Claimant testified that she had no previous knowledge of the hole at this location, and she does not travel this road on a routine basis. As a result of this incident, claimant’s vehicle sustained damage to its rim and tire. In addition, claimant incurred costs for a rental vehicle. Thus, claimant’s damages total $767.64, and claimant’s insurance deductible at the time of the incident was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 25 in Nitro. Charles E. Smith, Highway Administrator for respondent in Kanawha County, is familiar with the stretch of road where claimant’s incident occurred. He stated that it is a first priority road in terms of its maintenance. Mr. Smith stated that his office received complaints regarding a hole located near the Twin City Bible Church, and his crews patched the hole on March 3, 2008. However, he was not aware of a hole near the tanning salon.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location lead the Court to conclude that respondent had notice of this condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.